IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as ADMINISTRATOR of LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND,<br><br>and<br><br>LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>RAUSCH CONSTRUCTION COMPANY, INCORPORATED, RAUSCH DEVELOPMENT COMPANY, INCORPORATED, and any other trade or business under common control with RAUSCH CONSTRUCTION COMPANY, INCORPORATED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 17-cv-8129<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Richard J. Clarson ("Clarson") as Administrator of the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust Fund and the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust ("Fund") bring this complaint against Defendants Rausch Construction Company, Incorporated ("Rausch Construction" or "Company"), Rausch Development Company, Incorporated ("Rausch Development"), and any other trade or business under common control with Rausch Construction and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this

1

Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2.  Venue lies in this court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered by its Trustees at its principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

## PARTIES

3.  Plaintiff Clarson is the Administrator and a fiduciary of the Fund, a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4.  Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), as a fiduciary, Clarson is authorized to bring this action on behalf of the Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

5.  Defendant Rausch Construction is an Illinois corporation. On information and belief, its principal place of business is located in the State of Illinois in this district.

6.  Defendant Rausch Development is an Illinois corporation. On information and belief, its principal place of business is located in the State of Illinois in this district.

## FACTS

7.  As of October of 2016, Leticia Villasenor owned 100% of Rausch Construction.

8.  As of October of 2016, Leticia Villasenor owned 60% of Rausch Development and four of her children who were at least 21 years old each held 10% of the stock in Rausch Development.

9.  Rausch Construction operated out of property located at 2717 South 13th Avenue in Broadview, Illinois (the "Broadview Property").

10. From at least September 2012 to October 2016 through, Rausch Development owned the Broadview Property and leased the Broadview Property to Rausch Construction.

11. Rausch Construction has been an employer engaged in an industry affecting commerce and has been subject to successive collective bargaining agreements with the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T., under which Rausch Construction has been required to make contributions to the Fund for each hour worked by its employees performing certain types of work described in the agreement.

12. In or around October of 2016, Rausch Construction permanently ceased performing the work for which it had been obligated to remit contributions to the Fund.

13. The Fund's actuaries determined that, under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), Rausch Construction owes $106,214 in withdrawal liability due to its complete withdrawal from the Fund in October of 2016.

14. Through its attorneys, the Fund sent Rausch Construction, through its attorneys, a letter dated September 20, 2017 ("Notice and Demand") that notified the Company of its withdrawal liability. A copy of that letter is attached hereto as Exhibit A.

15. The Notice and Demand indicated that, while Rausch Construction's withdrawal liability would ordinarily be payable through six quarterly installments of $17,403 and a final installment of $4,541 with the first installment due by October 20, 2017, pursuant to the Fund's withdrawal liability procedures and ERISA Section 4219(c)(5)(B), the Fund accelerated Rausch Construction's withdrawal liability due the bulk sale of its assets. Ex. A.

16. The Notice and Demand advised Rausch Construction that, due to the acceleration, its full $106,214 withdrawal liability was due by October 20, 2017. Ex. A.

17. The Notice and Demand also explained Rausch Construction's right to request review of the Fund's withdrawal liability determination within 90 days of receipt of the Notice and Demand and stated that Rausch Construction would be in default if it failed to remit payment to the Fund. Ex. A.

18. The Fund sent the Notice and Demand to Rausch Construction via United Parcel Service overnight delivery.

19. Rausch Construction's attorneys received the Notice and Demand via UPS on September 21, 2017, confirmed by UPS Tracking Number 1ZF354E82498741145.

20. Rausch Construction did not remit the $106,214 withdrawal liability payment by October 20, 2017 and has not remitted any withdrawal liability payments to the Fund as of the date this Complaint is filed.

## COUNT I
## LIABILITY FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201
## RAUSCH CONSTRUCTION

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint, as through fully set forth herein, as paragraph 21 of this Count I.

22. In or around October of 2016, Rausch Construction effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

23. Due to this complete withdrawal, Rausch Construction incurred $106,214 in withdrawal liability to the Fund, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

24. The Notice and Demand provided Rausch Construction with the notice of withdrawal liability required by Sections 4202(2) and 4219(b) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b).

25. Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), provides that a default takes place upon the occurrence of "any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability."

26. The Fund's Trustees have adopted rules defining events which indicate a substantial likelihood that an employer will be unable to pay its withdrawal liability. *See* Ex. A at Supplement A, Section XV(I)(2). Those events include "an intended bulk sale by the Employer." *Id*.

27. Based on knowledge that Rausch Construction was in the process of liquidating its assets, the Fund's Trustees concluded that Rausch Construction had held a bulk sale.

28. Rausch Construction is in default within the meaning of ERISA section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

29. Rausch Construction did not make a withdrawal liability payment to the Fund by October 20, 2017.

30. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of Rausch Construction's outstanding withdrawal liability, plus accrued interest on that amount accruing from the date of the missed payment.

31. Pursuant to the Fund's procedures pertaining to withdrawal liability and Sections 502(g)(2) and 4301(b) of ERISA, the Fund is also entitled to payment of liquidated damages in an amount equal to the interest or 20% of the withdrawal liability, whichever is greater, and all attorneys' fees and costs that the Fund has incurred related to this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against Rausch Construction for: $106,214 in withdrawal liability; pre-judgment interest on the entire amount of withdrawal liability assessment beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

**COUNT II: CONTROL GROUP LIABILITY
FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201
RAUSCH DEVELOPMENT
AND ANY OTHER TRADE OR BUSINESS UNDER
COMMON CONTROL WITH RAUSCH CONSTRUCTION**

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint, as though fully set forth herein, as Paragraph 32 of this Count II.

33. Under Section 4001(b)(1) of ERISA, 29 U.S.C. Section 1301(b)(1), and the regulations promulgated thereunder, all trades or businesses (whether or not incorporated) under common control are treated as a single employer for the purpose of the assessment and collection of withdrawal liability.

34. The Seventh Circuit has established a categorical rule that an entity that leases property to a withdrawing employer or allows the employer to use the property rent-free is a trade or business. *Messina Prods.,* 706 F.3d at 882-83.

35. Rausch Development, as the owner of the Broadview Property, leased the Broadview Property to Rausch Construction, the withdrawing employer. Accordingly, Rausch Development is a trade or business.

36. Under 26 U.S.C. § 1563 and the regulations promulgated thereunder, organizations are treated as being under common control when the same individuals have 80% or more of the control of the organizations.

37. Under 26 U.S.C. § 1563(e)(6)(B), for the purpose of identifying entities under common control, individuals who own over 50% of an entity are treated as though they also hold any ownership interest in the entity held by their children who are at least 21 years old.

38. Because Leticia Villasenor owned over 50% of Rausch Development, she is treated as holding not only the 60% ownership interest in that entity that she held directly but also the 40% ownership interest collectively held by her four children over the age of 21.

39. Because Leticia Villasenor owned 100% of Rausch Construction and is treated as the 100% owner of Rausch Development as of October 2016, those entities were under common control as of the date of the complete withdrawal.

40. When Rausch Construction withdrew from the Fund, Rausch Construction, Rausch Development, and any other trades or businesses that were under common control with Rausch Construction as of the date of the withdrawal (collectively, "Control Group") incurred withdrawal liability to the Fund in the amount of $106,214, as determined under Section 4201(b) of ERISA.

41. Since notice to one member of a control group constitutes notice to all members of the control group, the Notice and Demand provided the Control Group with the notice required by Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399.

42. Due to Rausch Construction's intended bulk sale, the Control Group is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B) and the Fund's withdrawal liability rules.

43. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of the Rausch Construction's outstanding withdrawal liability, jointly and severally, from each member of the Control Group, plus accrued interest on that amount accruing from the date of the first missed payment, liquidated damages, and attorneys' fees and costs incurred by the Fund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against all trades or businesses under common control with against Rausch Construction, Rausch Development, and any other trade or business under common control with Rausch Construction, jointly and severally, for: $106,214 in withdrawal liability; pre-judgment interest on the entire amount of withdrawal liability assessment beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361